FILED

MAY 0 4 2006   NF₁

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA ELROD as Special Administrator)<br>of the Estate of KENNETH ELROD,<br>deceased, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>OFFICER EDWARD YERKE # 1105, )<br>individually, and the CITY OF )<br>CHICAGO, a Municipal Corporation, )<br> )<br>Defendants. ) | 06CV2505<br>JUDGE FILIP<br>MAGISTRATE JUDGE BROWN<br><br>**Jury Demand** |

## COMPLAINT

NOW COMES the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, deceased, by and through her attorneys, **GREGORY E. KULIS AND ASSOCIATES**, and complaining against the Defendants, **OFFICER EDWARD YERKE, individually,** and the **CITY OF CHICAGO**, as follows:

### COUNT I – EXCESSIVE FORCE- (BAR)

1)     This action is brought pursuant the laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois to redress deprivations of the Civil Rights of the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, and accomplished by acts and/or omissions of the Defendants, **OFFICER EDWARD YERKE** and the **CITY OF CHICAGO**, committed under color of law.

2)      Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331 and supplemental jurisdiction of the State of Illinois.

3)      The Plaintiff, **MARIA ELROD,** and the deceased, **KENNETH ELROD,** at all relevant times, were United States Citizens, residents of the City of Chicago, and husband and wife.

4)      The Defendant, **OFFICER YERKE**, was at all relevant times a duly appointed Chicago Police Officer acting within his scope of employment and under color of law.

5)   On April 7, 2006, the decedent, **KENNETH ELROD**, was in Magic Bar on West Belmont Avenue in Chicago, Illinois.

6)   **KENNETH ELROD** and **OFFICER YERKE** had a verbal dispute.

7)   **OFFICER YERKE** and other off-duty police officers identified themselves as police officers and beat up **KENNETH ELROD.**

8)   The Defendant, **OFFICER YERKE**, and other unknown individuals threw the decedent, **KENNETH ELROD,** out of the bar after beating him.

9)   The Defendant, **OFFICER YERKE**, had no probable cause or provocation to strike, hit and kick the decedent, **KENNETH ELROD**.

10) There was no justification or probable cause to use such force.

11) Said use of force was excessive and unreasonable.

12) Said actions of the Defendant, **OFFICER YERKE**, were intentional willful and wanton.

13) The actions of the Defendant, **OFFICER YERKE**, constitute a violation of the Decedent, **KENNETH ELROD's**, Fourth and Fourteenth Amendment rights.

2

14) As a result of the action of the Defendant, **OFFICER YERKE**, the decedent, **KENNETH ELROD,** suffered pain, anger, emotional distress, anxiety and loss of his senses.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER EDWARD YERKE**, for compensatory damages in excess of **TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS** and punitive damages in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS** plus attorneys' fees and costs.

## COUNT II – BATTERY(BAR)

1-10) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 3-12 of Count I as her respective allegations of paragraphs 1-10 of Count II as though fully set forth herein.

11) The actions of the Defendant, **OFFICER YERKE,** constitute battery under Illinois law.

12) As a result of the actions of the Defendant, **OFFICER YERKE**, the decedent, **KENNETH ELROD**, suffered pain, suffering, emotional distress and loss of his senses.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER YERKE**, for compensatory damages in excess of **TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS** and punitive damages in excess of **TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS** plus costs.

3

## COUNT III- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (BAR)

1-11) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-11 of Count II as her respective allegations of paragraphs 1-11 of Count III as though fully set forth herein.

12) Defendant **OFFICER YERKE** and his friends, the off-duty police officers, beat up the decedent, **KENNETH ELROD,** and kicked him out of the bar, taunting him and humiliating him.

13) Said actions were done intentionally to humiliate **KENNETH ELROD** and cause him emotional distress.

14) As a result of the said actions, the decedent, **KENNETH ELROD,** suffered pain, suffering, emotional distress and loss of his senses.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD,** prays for judgment against the Defendant, **OFFICER EDWARD YERKE,** for compensatory damages in excess of **TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS** and punitive damages in excess of **TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS** plus costs.

## COUNT IV- MUNICIPAL POLICY

1-13) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-13 of Count I as her respective allegations of paragraphs 1-13 of Count IV as though fully set forth herein.

14) The Defendant, **CITY OF CHICAGO,** has an unwritten custom  practice and policy

4

to allow its officers to abuse the law and commit crimes without arresting them or disciplining them.

15) It is a custom, practice and policy that Chicago Police Officers only need to flash their badges and/or identify themselves as Chicago Police Officers to avoid discipline and/or arrest.

16) In the unlikely event that the officer is investigated, the investigation is cursory and incomplete with little or no discipline to officers.

17) As a result of this unwritten custom, practice and policy the Defendant, **OFFICER YERKE**, knew he could beat up someone and not get disciplined or arrested because he was a Chicago Police Officer.

18) This custom, practice and policy encourages police officers to believe they will not be disciplined.

19) As a result of said custom, practice and policy, the decedent, **KENNETH ELROD**, was a victim of excessive and unprovoked force by the Defendant, **OFFICER YERKE**.

20) The actions of the Defendant, **OFFICER YERKE**, constitute a violation of the Decedent, **KENNETH ELROD's**, Fourth and Fourteenth Amendment rights.

21) As a result of the said actions, by the Defendant, **CITY OF CHICAGO**, the decedent, **KENNETH ELROD**, suffered pain, suffering, humiliation, and loss of his senses.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **CITY OF CHICAGO**, for compensatory damages in excess of **ONE MILLION ($1,000,000.00) DOLLARS** plus attorneys' fees and costs.

## COUNT V- EXCESSIVE FORCE(SHOOTING)

1-11)   The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-11 of Count I as her respective allegations of paragraphs 1-11 of Count V as though fully set forth herein.

12)   Some hours subsequent to the beating, the Defendant, **OFFICER YERKE**, shot and killed the decedent, **KENNETH ELROD**, in the street.

13)   Said use of force was excessive and unreasonable.

14)   As a result of the actions of the Defendant, **KENNETH ELROD** was killed.

15)   Said actions of Defendant **OFFICER YERKE** were in violation of the decedent's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

16)   As a result of said actions of the Defendant, **OFFICER YERKE**, the decedent, **KENNETH ELROD,** and Plaintiff, **MARIA ELROD**, suffered pain, suffering, permanent injury, monetary loss, and loss of enjoyment of life.

17)   The actions of the Defendant, **OFFICER YERKE**, were intentional, willful and wanton.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **EDWARD YERKE**, for compensatory damages in excess of **ONE MILLION ($1,000,000.00) DOLLARS**  and punitive damages in excess of **ONE MILLION ($1,000.000.00) DOLLARS** plus attorneys' fees and costs.

## COUNT VI- MUNICIPAL POLICY REGARDING SHOOTING

1-15)   The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-15 of Count V as her respective allegations of paragraphs 1-15 of Count VI as though fully set forth

herein.

16)     The **CITY OF CHICAGO** has a custom, practice and policy to do a cursory investigation and rubber stamp a "police shooting" as "justified".

17)     The killing of **KENNETH ELROD** was promptly labeled as "justified".

18)     The **CITY OF CHICAGO** has given this same label to virtually all other police shootings.

19)     This custom, practice  and policy of cursory investigations contributes to a perception on the part of Chicago Police Officers, that they will not held accountable for their actions.

20)     This custom, practice and policy is known by Chicago Police Officers as protection and as a shield for them to commit unlawful acts of excessive and/or deadly force.

21)     As a result of the custom, practice and policy of the **CITY OF CHICAGO**, the decedent, **KENNETH ELROD,** was killed.

22)     As a result of said custom, practice and policy, the decedent, **KENNETH ELROD,** and the Plaintiff, **MARIA ELROD**, suffered pain, loss of life, loss of enjoyment of life, suffering, monetary loss and other damages.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **CITY OF CHICAGO**, for compensatory damages in excess of **ONE MILLION ($1,000,000.00) DOLLARS** plus costs.

## COUNT VII – WRONGFUL DEATH

1-13)   The Plaintiff hereby realleges and incorporates her allegations of paragraphs 2-14 of Count VI as her respective allegations of paragraphs 1-13 of Count VII as though fully set forth herein.

7

14) The actions of the Defendant, **OFFICER YERKE,** caused the wrongful death of the decedent, **KENNETH ELROD,** in violation of ILCS 740 ILCS 180/1 et. seq.

15) As a result of the actions of the Defendant, **OFFICER YERKE,** the decedent and Plaintiff suffered loss of life, loss of enjoyment of life, pain, suffering and monetary loss.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER EDWARD YERKE,** for compensatory damages in excess of **ONE MILLION ($1,000,000.00) DOLLARS** plus costs.

### COUNT VIII –BATTERY(SHOOTING)

1-14) . The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-14 of Count VII as her respective allegations of paragraphs 1-14 of Count VIII as though fully set forth herein.

15) The actions of the Defendant, **OFFICER YERKE,** constitute battery under Illinois law.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER EDWARD YERKE,** in excess of **FIFTY THOUSAND ($50, 000.00) DOLLARS** plus costs.

### COUNT IX – SURVIVAL ACTION

1-15) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-15 of Count VIII as her respective allegations of paragraphs 1-15 of Count IX as though fully set forth herein.

16) After the decedent was shot he survived for a period of time before he died.

8

17) As a result and pursuant to the Survival Statute (755 ILCS 5/27-6), the decedent suffered pain and suffering.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER EDWARD YERKE**, in excess of **FIFTY THOUSAND ($50, 000.00) DOLLARS** plus costs

### COUNT X – PUNITIVE DAMAGES (OFFICER YERKE)

1-15) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-15 of Count IX as her respective allegations of paragraphs 1-15 of Count X as though fully set forth herein.

16) Said actions of the Defendant, **OFFICER YERKE**, were intentional, willful and wanton.

17) The Plaintiff is entitled to punitive damages.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **OFFICER EDWARD YERKE**, in excess of **ONE MILLION ($1,000,000.00) DOLLARS.**

### COUNT XI – RESPONDEAT SUPERIOR

1-15) The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-15 of Count X as her respective allegations of paragraphs 1-15 of Count XI as though fully set forth herein.

16) At the time the Defendant, **OFFICER YERKE**, shot the decedent, **KENNETH ELROD,** the Defendant was acting with a gun and with the training and authority given to him by the **CITY OF CHICAGO.**

17)     The Defendant, **CITY OF CHICAGO,** is responsible for the acts of **OFFICER YERKE** under Illinois law.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of KENNETH ELROD**, prays for judgment against the Defendant, **CITY OF CHICAGO**, for compensatory damages in excess of **ONE MILLION ($1,000,000.00) DOLLARS** plus costs.

## COUNT XII – MANDAMUS

1-15)   The Plaintiff hereby realleges and incorporates her allegations of paragraphs 1-15 of Count XI as her respective allegations of paragraphs 1-15 of Count XII as though fully set forth herein.

16)     The Plaintiff previously filed a Discovery Complaint against the City of Chicago.

17)     The Defendant, **CITY OF CHICAGO,** was ordered to make the Plaintiff's truck available for examination and for photographs.

18)     To date, the Defendant, **CITY OF CHICAGO**, has failed to do so.

19)     In addition, the Plaintiff seeks return of the decedent's truck, cell phone and other personal items.

20)     Despite the **CITY OF CHICAGO** concluding that the shooting was justified, the City refuses to release the truck, cell phone or other personal items.

20)     The Plaintiff has also been told it will cost her $35.00 per day for storage of the truck despite the City's refusal to release it.

21)     The Plaintiff is seeking an order of mandamus instructing the **CITY OF CHICAGO** to release the truck and waive the storage charges.

22)     There is no court order authorizing the City to hold the truck, cell phone or other

10

personal items.

23)     The City has already returned Defendant, **OFFICER YERKE's**, truck, cell phone

and other personal items.

WHEREFORE the Plaintiff, **MARIA ELROD, Special Administrator of the Estate of**

**KENNETH ELROD**, seeks a court order instructing the **CITY OF CHICAGO**, to release the

decedent's truck directly or alternatively, allow the Plaintiff to examine and photograph the truck

and to release the decedent's cell phone and personal items to be the Plaintiff.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

Gregory E. Kulis
GREGORY E. KULIS AND ASSOCIATES


GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois  60602
(312) 580-1830